■ MICHELINA SCARCELLA et al., Appellants, v MASTERS, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of (1) an order of the Supreme Court, Westchester County, dated October 11, 1979, as, upon granting plaintiffs' motion to restore the action to the Trial Calendar, directed the calendar clerk to restore the case to the foot of the Trial Calendar rather than its former place on said calendar, and (2) a further order of the same court, dated December 6, 1979, as, upon reargument, adhered to the original determination. Appeal from the order dated October 11, 1979, dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated December 6, 1979, reversed insofar

as appealed from, without costs or disbursements, order dated October 11, 1979, vacated insofar as it directed that the action be restored to the foot of the Trial Calendar, and it is directed that the action be restored to its former position on the Trial Calendar. Plaintiffs commenced this action in June, 1976 and filed their note of issue and statement of readiness in January, 1978. More than six months later, plaintiff Michelina Scarcella was compelled to undergo further hospitalization and treatment for the injuries which she claims were the result of defendant's negligence, and which appear to be of a degenerative nature. Thereafter, plaintiffs moved for leave to serve a supplemental bill of particulars reflecting the additional injuries and medical expenses. In the order granting that motion, Special Term also directed that defendant be afforded an opportunity to conduct further disclosure in response to the supplemental bill. That order also directed that "In the meanwhile" plaintiffs' note of issue and statement of readiness were vacated, with leave to plaintiffs to move to restore the action to the Trial Calendar after defendant had completed the further disclosure thus authorized. After defendant had completed such disclosure, within a month of the making of the order authorizing it, plaintiffs moved almost immediately to restore the action to its former position on the Trial Calendar. Special Term granted the motion to the extent of directing that the action be placed at the foot of the Trial Calendar. Under the circumstances of this case, Special Term abused its discretion in refusing to direct that the action be restored to its former place on the Trial Calendar. By granting the motion to restore, Special Term implicitly acknowledged that the action was meritorious and that there was good cause to restore it to the calendar. Moreover, neither plaintiffs nor their attorneys had any control over the underlying events which led to the action being stricken from the calendar. Finally, in light of the dispatch with which the supplemental discovery proceedings were conducted and the timely manner in which plaintiffs moved to restore the action to the calendar, the action was off the calendar for a period of less than two months. Accordingly, Special Term abused its discretion in refusing to restore the action to its former place on the calendar. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.